**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 12 2004**

**PATRICK FISHER**
**Clerk**

PUBLISH

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

STEVEN ROY FRENCH,

  Plaintiff - Appellant,

v.

ADAMS COUNTY DETENTION
CENTER; DOUGLAS N. DARR,
Sheriff; JOHN DOE, Parole
Supervisor; JANET RUSSELL, Parole
Officer,

  Defendants - Appellees.

No. 04-1094

---

### APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO
### (D.C. NO. 03-Z-1953)

---

Submitted on the brief:

Steven Roy French, pro se.

---

Before **TACHA** , Chief Judge,  **BRISCOE** , and **HARTZ** , Circuit Judges.

---

**HARTZ** , Circuit Judge.

---

Plaintiff Steven Roy French, an inmate of the Oklahoma State Reformatory

who is proceeding pro se and in forma pauperis, appeals the district court's

dismissal of his civil rights complaint.  See 28 U.S.C. §§ 1915(e)(2)(B) (district court shall dismiss prisoner in forma pauperis complaint if it is frivolous or fails to state a proper claim); 1915A(b)(1) (district court shall screen prisoner civil actions against governmental entity or employer and dismiss if it is frivolous or fails to state a proper claim).  We have jurisdiction under 28 U.S.C. § 1291, and reverse.[1]

In determining whether dismissal is proper, we accept the allegations in the complaint as true and construe those allegations and any reasonable inferences therefrom in the light most favorable to Plaintiff.  See Perkins v. Kansas Dep't of Corrections, 165 F.3d 803, 806 (10th Cir. 1999).  Also, because Plaintiff proceeds pro se, we liberally construe his complaint.  Id.

The gist of Plaintiff's complaint under 42 U.S.C. § 1983 is that he was denied an attorney and a court appearance while held in jail for 73 days on an alleged parole violation.  Plaintiff had been convicted in Oklahoma but was serving his parole in Colorado under an interstate compact with Oklahoma.  As a condition of parole he was required to submit to drug screening.  On November 13, 2001, Plaintiff's parole officer called him to her office, where she

---

[1]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

accused him of having "flushed" his system to remove drugs from his urine. He was then arrested for violating his parole.

He was confined for 73 days in the Adams County Detention Center while awaiting extradition to Oklahoma for parole revocation proceedings. During that time he was not afforded a hearing and his requests to meet with an attorney were denied. Nor was he informed of the specific basis for his continued incarceration. At some point Plaintiff sent a letter to the local public defender, who procured his release.

The district court dismissed Plaintiff's complaint, reasoning that "[Plaintiff's] challenge to the failure of Defendants to release a parole hold, if successful, necessarily would imply the invalidity of his incarceration and, therefore, is not cognizable under 42 U.S.C. § 1983." R. Doc. 18 at 2. The court relied on Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ." Heck also stated, however, that "if the district court determines that the

plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed. . . ." Id. at 487; see Spencer v. Kemna, 523 U.S. 1, 17 (1998) ("If, for example, petitioner were to seek damages for using the wrong procedures, not for reaching the wrong result, and if that procedural defect did not necessarily imply the invalidity of the revocation, then Heck would have no application [at] all." (internal quotation marks and citations omitted)).

We fail to see how success by Plaintiff on his claims that he was denied counsel and a court appearance would "demonstrate the invalidity of any outstanding criminal judgment against the plaintiff." Heck, 512 U.S. at 487. Indeed, the record does not even indicate whether parole was ever revoked on the ground that led to the incarceration in question. And nothing in the record suggests that his damages claim would be inconsistent with a proper parole revocation. See generally Dotson v. Wilkinson, 329 F.3d 463 (6th Cir. 2003) (en banc), cert. granted, 124 S. Ct. 1652 (U.S. Mar. 22, 2004) (No. 03-287) (discussing decisions in the various circuits relating to application of Heck to parole release and revocation). The district court therefore erred in applying Heck to dismiss the complaint. We need not determine whether there are any other proper grounds for dismissal.

The dismissal of Plaintiff's complaint is REVERSED and the case is REMANDED to the district court for proceedings consistent with this opinion. Plaintiff's motion to proceed without prepayment of appellate filing fees is GRANTED. Plaintiff is reminded that he remains obligated to make partial payments of the costs and fees associated with this appeal under 28 U.S.C. § 1915(b)(1).