PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

ROBERT E. YOUNG,
            *Plaintiff-Appellant,*

v.

RON NICKOLS, Sheriff; REGGIE
NETTER, Officer; DAVID BUCHANAN,
Officer; TIM GAY, Officer; NFN
WASHBURN, Officer; NEIL COLLIER,
Probation Officer; and other
probation officers whose names are
not known,
            *Defendants-Appellees.*

No. 04-6469

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
Joseph F. Anderson, Jr., Chief District Judge.
(CA-03-3640-17AK-6)

Argued: March 16, 2005

Decided: June 24, 2005

Before MICHAEL and KING, Circuit Judges, and
James R. SPENCER, Chief United States District Judge for the
Eastern District of Virginia, sitting by designation.

---

Reversed and remanded by published opinion. Judge Michael wrote
the opinion, in which Judge King and Judge Spencer joined.

---

## COUNSEL

**ARGUED:** Joseph Kim, Student Counsel, GEORGETOWN UNI-
VERSITY LAW CENTER, Appellate Litigation Program, Washing-

ton, D.C., for Appellant. John Benjamin Aplin, SOUTH CAROLINA DEPARTMENT OF PROBATION, PAROLE & PARDON SERVICE, Columbia, South Carolina, for Appellees. **ON BRIEF:** Steven H. Goldblatt, Director, Alistair E. Newbern, Supervising Attorney, Rakhi Patel, Student Counsel, GEORGETOWN UNIVERSITY LAW CENTER, Appellate Litigation Program, Washington, D.C., for Appellant.

---

**OPINION**

MICHAEL, Circuit Judge:

A state prisoner appeals the dismissal of his complaint filed under 42 U.S.C. § 1983 to recover damages against certain law enforcement officers for the alleged violation of his extradition rights. Because the prisoner could not establish that his underlying criminal judgment had been invalidated, the district court held that his complaint is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck*, however, only bars a prisoner's § 1983 claim if the relief sought necessarily implies the invalidity of his criminal judgment. Here, the prisoner's § 1983 damages claim for illegal extradition does not imply that his criminal judgment is invalid. As a result, *Heck* does not require the dismissal of his complaint. We therefore reverse and remand for further consideration of the prisoner's allegations.

I.

In 1994 plaintiff Robert E. Young was convicted in South Carolina state court of aggravated assault and battery; he received a ten-year prison sentence, to be suspended after three years and followed by five years probation. In 1998, within a year of his release, Young was convicted (by guilty plea) in the same court of distributing crack cocaine. This time, Young received a ten-year suspended sentence and five years probation. After Young violated the terms of his probation later in 1998, he fled South Carolina for Ohio.

In November 2000 Young was arrested in Ohio as a fugitive from justice, but he was released because the Governor of Ohio had not

received an extradition request from the State of South Carolina. Later, in August 2002, Young was arrested for disorderly conduct in Ohio, charged again as a fugitive, and released on his own recognizance. On September 16, 2002, defendant Neil Collier, Young's South Carolina probation officer, wrote to the Governor of South Carolina to request a governor's warrant for Young's extradition. The Governor of South Carolina then sent a request for an extradition warrant to the Governor of Ohio, who issued the warrant on October 21, 2002. Young was never served with this warrant, which was apparently lost.

The Governor of Ohio issued a second warrant for Young's extradition on November 26, 2002. Young was arrested under the second governor's warrant on November 27, 2002, and brought before a municipal court judge in Ross County, Ohio, the same day. Young's counsel requested that Young be held in the Ross County jail until December 3, 2002, to provide him the opportunity to file a petition for a writ of habeas corpus challenging extradition. No habeas petition was filed, and on December 13, 2002, Collier and another South Carolina probation officer took custody of Young and transported him to South Carolina. Thereafter, in proceedings before the sentencing court in South Carolina, Young admitted to violating the conditions of his probation. As a result, the court revoked the suspension of Young's sentence on the assault and battery charge and ordered him to serve eight years on the crack distribution charge.

On November 20, 2003, Young filed a § 1983 action in the U.S. District Court for the District of South Carolina alleging (among other claims) that Ohio and South Carolina officers violated his civil rights by illegally extraditing him from Ohio to South Carolina. The individuals named as defendants included Collier and other South Carolina probation officers whose "name[s are] not known." J.A. 6. Young's complaint, which sought damages and other relief, was referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B). On December 23, 2003, the magistrate judge issued a report recommending the dismissal of Young's claims. The magistrate judge concluded (1) that the court lacked personal jurisdiction over the Ohio defendants and (2) that Young's claims against the South Carolina defendants were barred by *Heck* because "claims of the type here presented must await the vacation or expungement of the underlying conviction," and "[i]t

is only after his conviction has been set aside . . . that Young can . . . seek[ ] damages under 42 U.S.C. § 1983." J.A. 97, 98. Young filed two sets of objections to the magistrate judge's report and also attempted to amend his claims. The district judge issued an order overruling Young's objections, incorporating the magistrate judge's report by reference, and dismissing the complaint without prejudice. The dismissal was without prejudice because, according to both judges, Young could refile his complaint if (and only if) the underlying probation revocation judgment was set aside. Young now appeals, contesting only the dismissal of his claims against the South Carolina defendants.

## II.

Because Young's complaint was dismissed without prejudice, we first consider our jurisdiction. Generally, an order dismissing a complaint without prejudice is not an appealable final order under 28 U.S.C. § 1291 when "the plaintiff could save his action by merely amending his complaint." *Domino Sugar Corp. v. Sugar Workers Local Union 392*, 10 F.3d 1064, 1066-67 (4th Cir. 1993). However, "if the grounds of the dismissal make clear that no amendment could cure the defects in the plaintiff's case, the order dismissing the complaint is final in fact," and appellate jurisdiction exists. *Id.* at 1066 (internal quotation marks omitted). The district court concluded that *Heck* is an absolute bar to Young's § 1983 action because he cannot show that the judgment revoking his probation has been invalidated. Young admitted violating the terms of his probation, and he does not challenge the validity of the probation revocation decision. He therefore cannot amend his complaint to cure the defect perceived by the district court. *Domino Sugar* thus provides the jurisdictional basis for us to review the district court's order of dismissal, and our review is de novo, *see De'lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003).

## III.

### A.

The central question in this appeal is whether *Heck* requires a state prisoner to have his criminal judgment or sentence set aside before he is allowed to bring a § 1983 action seeking damages (or certain

declaratory relief) for illegal extradition. The Supreme Court began its analysis in *Heck* by reiterating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." 512 U.S. at 481 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)). The Court went on to hold that a prisoner's damages claim that would "necessarily require [him] to prove the unlawfulness of his conviction or confinement" cannot be brought under § 1983. *Id.* at 486.

> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed.

*Id.* at 487; *see also Wilkinson v. Dotson*, 125 S.Ct. 1242, 1247-48 (2005) (reemphasizing that § 1983 remains available "where success in the civil rights suit would not necessarily vitiate the legality of (not previously invalidated) state confinement").

In *Wirth v. Surles*, 562 F.2d 319 (4th Cir. 1977), a pre-*Heck* case, we considered whether a state prisoner could use § 1983 to seek damages for violation of his extradition rights. The prisoner (and plaintiff) in *Wirth* alleged that South Carolina officers crossed into Georgia, took him into custody, and forcibly transported him back to South Carolina without any extradition proceedings. Although we recognized in *Wirth* that a fugitive's ability to challenge extradition is limited, we emphasized that "law enforcement officials [must follow] the clear mandates of state and federal extradition laws in the apprehension and transportation of fugitives." *Id.* at 323. Accordingly, we held "that a complaint alleging the arrest and transportation of a fugitive without extradition proceedings *does* create a cause of action pursuant to 42 U.S.C. § 1983." *Id.* (emphasis added).

We must therefore determine whether our decision in *Wirth* has been overridden by *Heck*. We conclude that *Wirth* is still good law

because *Heck* explained that a § 1983 action is barred only if judgment in the plaintiff's favor would *necessarily* undermine the validity of the underlying conviction. When we announced our holding in *Wirth* — that a damages claim for violation of federally protected extradition rights may be asserted under § 1983 — we were careful to add "that failure to comply with state or federal extradition laws does not constitute a defense to a criminal prosecution." *Id.* (citing *Ker v. Illinois*, 119 U.S. 436 (1886)). *Wirth* thus makes clear that even if Young could ultimately establish that the South Carolina defendants somehow violated his extradition rights, such a result would have no impact on the validity of the judgment revoking Young's probation. Accordingly, *Heck* does not bar Young from invoking § 1983 to assert a damages claim for illegal extradition. *See Harden v. Pataki*, 320 F.3d 1289, 1294-1302 (11th Cir. 2003) (holding that a state prisoner's § 1983 claim seeking damages and declaratory relief for the alleged violation of his federally protected extradition rights is not barred by *Heck*); *French v. Adams County Det. Ctr.*, 379 F.3d 1158, 1160 (10th Cir. 2004) (same).

B.

The South Carolina defendants suggest that we affirm on the alternative ground that Young fails to state a claim against them because he does not allege that they "personally participated in the allegedly defective extradition proceedings." Br. of Appellees at 5. Although the magistrate judge noted the lack of such an allegation, he recommended dismissal for a different reason — his belief that Young's § 1983 claim is barred by *Heck*. In any event, in documents (one captioned "Amend as Claims") filed after the magistrate judge's report, Young alleges (1) that the South Carolina defendants "seized" him in Ohio and transported him back to South Carolina "without any extradition proceedings," and (2) that Collier, a South Carolina defendant, "conspired with Officer Gay of Ohio" to deprive him of his extradition rights. J.A. 102, 110, 128. The district judge, after considering the magistrate judge's report and Young's objections, relied exclusively on *Heck* in dismissing Young's claims, holding that "those claims must await the vacation or expungement" of the underlying judgment revoking probation. J.A. 133. In light of our determination that *Heck* does not bar Young from asserting a claim that his extradition rights were violated, we believe that Young's allegations should

be reexamined by the district court. As part of that exercise, the court should consider whether Young's submissions containing added or amended allegations may be treated as a motion to amend.

## C.

Finally, the South Carolina defendants argue that Young's claims were appropriately dismissed pursuant to *Heck* because they are "nothing more than a request for damages attributable to his conviction or imprisonment." Br. of Appellees at 10. We agree that Young has made some allegations that are, according to *Heck*, assertable only in a habeas petition. *See* J.A. 5-6 (noting that he "suffer[s] with an (8) eight year sentence" because of the flawed extradition); J.A. 7 (requesting "[m]y freedom from which I have served a year"). However, as we have noted, Young also seeks monetary damages against the South Carolina defendants stemming from his claim of procedural irregularities in his extradition that would not, if proven true, invalidate the criminal judgment revoking his probation. Again, a claim for damages (or certain declaratory relief) alleging that proper extradition procedures were not followed is cognizable under § 1983, and such a claim is not precluded by the prisoner's inclusion of claims that are barred by *Heck*.

## IV.

Because *Heck* does not bar Young from invoking § 1983 to assert a claim for damages against the South Carolina defendants for violating his extradition rights, we reverse the district court's dismissal order and remand the case for further proceedings. On remand the court may begin by considering whether Young's allegations are "frivolous, malicious, or fail[ ] to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

*REVERSED AND REMANDED*