**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 26, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LLOYD ADAMS,

      Plaintiff-Appellant,

  v.

JOSEPH NEUBAUER, CEO, Aramark
Correctional Services, in his
individual and official capacity;
ARAMARK CORRECTIONAL
SERVICES, INC.; ROGER
WERHOLTZ and WILLIAM
CUMMINGS, Kansas Department of
Corrections, in their individual and
official capacities; RAY ROBERTS,
Warden, El Dorado Correctional
Facility, in his individual and official
capacity; JUDY LANGHOFER,
Accountant, El Dorado Correctional
Facility, in her individual and official
capacity; EL DORADO
CORRECTIONAL FACILITY;
KANSAS DEPARTMENT OF
CORRECTIONS; K. HARRIS, Unit
Team Manager, El Dorado
Correctional Facility, in their
individual and official capacity,

      Defendants-Appellees.

No.  06-3044
(D.C. No. 05-CV-3210-SAC)
(D. Kan.)

MELVIN LOCKETT,

      Plaintiff-Appellant,

v.

JOSEPH NEUBAUER, CEO, Aramark Correctional Services, in his individual and official capacity; ARAMARK CORRECTIONAL SERVICES, INC.; ROGER WERHOLTZ and WILLIAM CUMMINGS, Kansas Department of Corrections, in their individual and official capacities; RAY ROBERTS, Warden, El Dorado Correctional Facility, in his individual and official capacity; JUDY LANGHOFER, Accountant, El Dorado Correctional Facility, in her individual and official capacity; EL DORADO CORRECTIONAL FACILITY; JOHN/JANE DOES, Known and unknown, in their individual and official capacities; KANSAS DEPARTMENT OF CORRECTIONS; FNU LNU, Unit Team Manager, El Dorado Correctional Facility, in an individual and official capacity,

　　　　Defendants-Appellees.

No. 06-3045
(D.C. No. 05-CV-3209-SAC)
(D. Kan.)

---

VERNON P. THOMAS,

　　　　Plaintiff-Appellant,

v.

JOSEPH NEUBAUER, CEO, Aramark Correctional Services, in his

No. 06-3046
(D.C. No. 05-CV-3208-SAC)
(D. Kan.)

-2-

individual and official capacity; ARAMARK CORRECTIONAL SERVICES, INC.; ROGER WERHOLTZ and WILLIAM CUMMINGS, Kansas Department of Corrections, in their individual and official capacities; RAY ROBERTS, Warden, El Dorado Correctional Facility, in his individual and official capacity; JUDY LANGHOFER, Accountant, El Dorado Correctional Facility, in her individual and official capacity; EL DORADO CORRECTIONAL FACILITY; KANSAS DEPARTMENT OF CORRECTIONS; FNU LNU, Unit Team Manager, El Dorado Correctional Facility, in their individual and official capacity; JANE DOES, known and unknown, in their individual and official capacities; JOHN DOES, known and unknown, in their individual and official capacities,

Defendants-Appellees.

**ORDER AND JUDGMENT**[*]

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **BRORBY** and **EBEL**, Circuit Judges, and **KANE**,[**] District Judge.

These companion pro se appeals challenge district court orders that dismissed appellants' 42 U.S.C. § 1983 civil rights complaints. We affirm.[1]

## BACKGROUND

Appellants are inmates at the El Dorado Correctional Facility in El Dorado, Kansas. Aramark Correctional Services, Inc., provides food services at the prison under contract with the Kansas Department of Corrections. Appellants allege that, while incarcerated, they worked for Aramark and were paid only "prison wages," instead of the minimum wage, in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219. Compl. at 7. They assert a variety of constitutional claims against Aramark, the corrections department, the correctional facility, and various prison officials to remedy the "unlawful effects of slave labor." *Id.* at 14.

---

[**]    The Honorable John L. Kane, Senior District Judge, United States District Court for the District of Colorado, sitting by designation.

[1]    Our initial concerns regarding appellate jurisdiction in Case No. 06-3045 have been resolved. *See* Fed. R. App. P. 4(c)(1) ("If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing."); *Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding that a prisoner's notice of appeal will be considered timely if given to prison officials for mailing prior to the filing deadline, regardless of when the court receives the notice).

The district court screened the complaints and ordered them dismissed, ruling that (1) the correctional facility and the department of corrections were not subject to suit under § 1983; (2) the prison officials that were sued in their official capacities for monetary relief were immune from suit; and (3) the appellants failed to state a claim for relief because they were not covered by the FLSA and because there is no constitutional right for inmates to receive certain wages. This appeal followed.

## DISCUSSION

We review de novo the district court's decision to dismiss this case on Eleventh Amendment grounds and for failure to state a claim. *Harris v. Owens*, 264 F.3d 1282, 1287 (10th Cir. 2001).

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." U.S. Const. amend. XI. A state agency is not a "person" under § 1983 and is immune from suit under the Eleventh Amendment. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989). Immunity also extends to a state official sued in his or her official capacity for monetary damages. *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). We discern no error in the district court's rulings regarding the scope of § 1983 and the Eleventh Amendment.

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). "In determining whether dismissal is proper, we accept the allegations in the complaint as true and construe those allegations and any reasonable inferences therefrom in the light most favorable to Plaintiff." *French v. Adams County Detention Ctr.*, 379 F.3d 1158, 1159 (10th Cir. 2004). Because appellants proceed pro se, we liberally construe their complaints. *Id.*

We have held that inmates working in a prison are not "employees" covered by the FLSA. *Franks v. Okla. State Indus.*, 7 F.3d 971, 972-73 (10th Cir. 1993). "Further, there is no Constitutional right to compensation for such work; compensation for prison labor is 'by grace of the state.'" *Vanskike v. Peters*, 974 F.2d 806, 809 (7th Cir. 1992) (quoting *Sigler v. Lowrie*, 404 F.2d 659, 661 (8th Cir. 1968)). We conclude that the district court properly applied these principles in dismissing appellants' complaints for failure to state a claim.

Accordingly, we AFFIRM the district court's dismissal orders for substantially the same reasons discussed therein, and we remind appellants of

their continuing obligations to make partial payments until they have paid their filing fees in full. *See* 28 U.S.C. § 1915(b).

Entered for the Court


John L. Kane
District Judge