F I L E D
**United States Court of Appeals
Tenth Circuit**

**November 28, 2006**

**Elisabeth A. Shumaker
Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CEDRIC BRYANT BRAXTON,

      Plaintiff - Appellant,

v.

WYANDOTTE COUNTY SHERIFF'S
DEPARTMENT; LEROY GREEN,
Sheriff; RANDALL HENDERSON,
Jail Administrator; JOHN GAMBLE,
Chief Doctor; NEPHCARE HEALTH
SERVICES; (FNU) (LNU), Nurses,
NephCare Health Services; (FNU)
FITZPATRICK, Escort Officer; (FNU)
BRIDGES, Deputy; (FNU) HERWITT,
Acting Sargent; (FNU) SHARP,
Sargent; (FNU) BUNNELL, Deputy;
(FNU) GARCIA, Deputy; GELBERT
(LNU), Deputy; (FNU) OWENS,
Deputy; (FNU) TREN, Deputy; (FNU)
MORMAN, Deputy; (FNU) WALKER,
Deputy; JOHNATHAN MASON,
Nurse; LANCE (LNU), Nurse.

      Defendants - Appellees.

No. 06-3302
(D.C. No. 05-CV-3460-SAC)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.[**]

Plaintiff-Appellant Cedric Braxton, a state inmate appearing pro se, appeals from the district court's order dismissing his 42 U.S.C. § 1983 civil rights complaint for failure to state a claim. See 28 U.S.C. § 1915(e)(2)(B)(ii). At the time of the events giving rise to this case, Mr. Braxton was an inmate held in the Wyandotte County Detention Center, in Kansas City, Kansas. On October 13, 2005, while handcuffed and shackled, Mr. Braxton fell down a flight of stairs at the facility. He twisted his ankle, bruised and scraped his knee, damaged a toenail, and experienced lower back and shoulder pain which required him to take pain medication, restrict his activity, and use a walker. He alleges the fall was caused by the negligence of an officer that was escorting him and by the torn and unsafe shoes he was wearing. He also alleges that the medical response provided to him was deficient under the Eighth Amendment. The district court dismissed Mr. Braxton's complaint for failure to state a claim.

We review the district court's dismissal de novo, accepting all allegations in the complaint as true and construing them in a light most favorable to the plaintiff. See French v. Adams County Det. Ctr., 379 F.3d 1158, 1159 (10th Cir.

---

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

2004). Because Mr. Braxton filed pro se, we must liberally construe the allegations of his complaint. Id. We will affirm the dismissal if it is obvious that Mr. Braxton cannot prevail on the facts he alleged and if it would be futile to give him an opportunity to amend. Perkins v. Kan. Dep't of Corrs., 165 F.3d 803, 806 (10th Cir. 1999). On appeal, Mr. Braxton argues that the district court's decision is not in accord with Estelle v. Gamble, 429 U.S. 97 (1976), and that he should have been given leave to amend based on supplementary information provided the district court. Our jurisdiction arises under 28 U.S.C. § 1291.

The district court properly applied the requirements of Estelle v. Gamble and required Mr. Braxton to allege both objective and subjective components to state an Eighth Amendment violation. To succeed on an Eighth Amendment claim based on the conditions of confinement, an inmate must allege facts to demonstrate the deprivation is "sufficiently serious" and that prison officials acted with "deliberate indifference to inmate health or safety." Fogle v. Pierson, 435 F.3d 1252, 1260 (10th Cir. 2006). In cases involving the deprivation of medical treatment, prison officials violate the Eighth Amendment if "their deliberate indifference to serious medical needs . . . constitutes the unnecessary and wanton infliction of pain." Kikumura v. Osagie, 461 F.3d 1269, 1291 (10th Cir. 2006). However, medical malpractice is not compensable under § 1983 because inadvertent failure to provide adequate medical care or negligence in diagnosing or treating a medical condition does not violate the Eighth

Amendment.  Id.

Mr. Braxton's charge of negligence against the officer escorting him is not cognizable under the Eighth Amendment because negligence does not constitute deliberate indifference.  See Smith v. Cummings, 445 F.3d 1254, 1258 (10th Cir. 2006).  Similarly, Mr. Braxton's claim that his torn and unsafe shoes contributed to his fall also sounds in negligence and does not violate the Eighth Amendment.

We also conclude that the medical treatment provided to Mr. Braxton did not violate the Eighth Amendment.  A delay in medical care only violates the Eighth Amendment if the plaintiff can show the delay caused substantial harm.  Garrett v. Stratman, 254 F.3d 946, 950 (10th Cir. 2001).  Substantial harm constitutes a "lifelong handicap, permanent loss, or considerable pain."  Id.  Although Mr. Braxton may have experienced a modest delay in treatment, he has not identified any substantial harm resulting from the delay in treatment.  Furthermore, within four days of his fall, Mr. Braxton was seen by a prison doctor, who prescribed pain medication and ankle support.  Mr. Braxton was also referred to the University of Kansas Medical Center where he received specialized treatment for his injuries.  Based on these facts, we agree that Mr. Braxton has failed to allege a delay in medical care causing substantial harm.

Mr. Braxton has also failed to demonstrate that the defendants acted with deliberate indifference to his medical needs, namely that the defendants knowingly disregarded an excessive risk to Mr. Braxton's health or safety.  See

Kikumura, 461 F.3d at 1291. Mr. Braxton must allege some facts to demonstrate the defendants' subjective intent to deprive him of medical care, knowing that such deprivation would cause significant risk to his health. Mr. Braxton's mere allegations about the timing of his treatment, and his allegations that he only received treatment after filing an administrative grievance, are insufficient in this regard. The district court considered Mr. Braxton's supplementary information under the correct legal standards.

AFFIRMED. As the district court granted Mr. Braxton's motion to proceed in forma pauperis on appeal, we remind him of his obligation[1] to make partial payments until he has paid the entire appellate filing fee.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

---

[1] The district court noted that any partial payments of filing fees will be applied first to Mr. Braxton's obligation for the remainder of the $350.00 district court filing fee. R. Doc. 18 at 1.