

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-8-2006

# Judge v. Canada

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4954

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Judge v. Canada" (2006). *2006 Decisions.* Paper 114.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/114

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-4954
_____

ROGER JUDGE,
Appellant

v.

CANADA
_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civil No. 05-cv-01463)
District Judge: Honorable Arthur J. Schwab
_____

Submitted Under Third Circuit LAR 34.1(a)
November 1, 2006

Before:  RENDELL, COWEN and VAN ANTWERPEN, <u>Circuit Judges</u>

(Filed December 8, 2006)
_____

OPINION OF THE COURT
_____

PER CURIAM

On October 20, 2005, Roger Judge filed a civil complaint against Canada.  He

alleged that Canada violated his rights by deporting him to the United States.  Judge

stated that the Human Rights Committee of the United Nations found that Canada had

violated his right to life under the International Covenant on Civil and Political Rights by

deporting him to the United States without ensuring that his death sentence[1] would not be

carried out.[2]  Judge requested monetary damages as relief.

> Without much explanation, the District Court stated that it could not grant relief.

> Plaintiff's complaint seeks relief that this Court cannot afford him. Whatever merit there might conceivably be to his claims, his presence in the state prison system at SCI-Green establishes that he has (or had) avenues available to him to challenge the extradition via the Pennsylvania state courts and, following exhaustion, federal habeas proceedings.  Therefore, even assuming plaintiff somehow was able to perfect service of his complaint for monetary damages on "Canada," there are a host of reasons why this Court cannot grant the monetary damages relief he requests in this case, including Heck v. Humphrey, 512 U.S. 477 (1994) and Rooker-Feldman.

The District Court dismissed the action as legally frivolous under 28 U.S.C. §

1915(e)(2)(B).[3]  Judge filed a timely notice of appeal, and we have jurisdiction under 28

---

[1] Judge escaped from custody after he was sentenced to death for first-degree murder. He was apprehended in Canada and sentenced to ten years in prison for robbery.  After serving his sentence, Judge was deported to New York in 1998 and then extradited to Pennsylvania. Commonwealth v. Judge, 797 A.2d 250, 384-85 (Pa. 2002).

[2] While Judge has not included any documentation regarding the U.N. Committee's finding, his assertion is supported by documents available on the Human Rights Committee's website.  "For these reasons, the Committee considers that Canada, as a State party which has abolished the death penalty. . . violated [Judge's] right to life under article 6, paragraph 1, by deporting him to the United States, where he is under sentence of death, without ensuring that the death penalty would not be carried out." See http://www.unhchr.ch/tbs/doc.nsf/0/cb752ca5a0c62b61c1256dbb002a67fe?OpenDocument

[3] The District Court granted Judge in forma pauperis status, but it does not appear from the record that Judge ever requested to proceed in forma pauperis or filed the necessary affidavit.  While the District Court doubted Judge's ability to serve his complaint on Canada, we note that under Fed. R. Civ. P. 4(c)(2), when the plaintiff is authorized to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, the District Court must direct that service be effected by the United States Marshal's office.

U.S.C. § 1291. Judge has also filed a motion for the appointment of counsel.

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that a civil action that would impugn a criminal conviction if successful cannot be maintained until that conviction is invalidated. The District Court stated that Judge had avenues available to challenge his extradition in the Pennsylvania state courts and in federal habeas proceedings. The District Court did not explain how success in the instant action would invalidate any criminal conviction. It is not clear that Heck applies to this situation. See Young v. Nickols, 413 F.3d 416 (4th Cir. 2005); Harden v. Pataki, 320 F.3d 1289 (11th Cir. 2003); but see Knowlin v. Thompson, 207 F.3d 907 (7th Cir. 2000). Moreover, Judge was not extradited from Canada; Canada deported him. Furthermore, the Human Rights Committee stated that Canada conceded that Judge was deported before he could appeal the denial of his application to stay his deportation and that Judge was unable to pursue any further remedies. In any event, a dismissal based on Heck should be without prejudice.

The District Court also relied on the Rooker-Feldman doctrine as a basis for dismissal. The Rooker-Feldman doctrine deprives a federal district court of jurisdiction to review, directly or indirectly, a state court adjudication. See D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923). The Supreme Court has explained that this doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the District Court proceedings commenced and inviting District Court review and

3

rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). The District Court did not identify what state-court judgment it believed Judge was attempting to challenge. Moreover, a dismissal under Rooker-Feldman should also be without prejudice.

The District Court failed to address whether it would have subject-matter jurisdiction over Judge's claim against Canada under the Foreign Sovereign Immunities Act. Verlinden B.V. v. Central Bank of Nigeria, 461 U.S. 480, 494 n.20 (1983)("Under the Act, however, subject matter jurisdiction turns on the existence of an exception to foreign sovereign immunity, 28 U.S.C. § 1330(a). Accordingly, even if the foreign state does not enter an appearance to assert an immunity defense, a District Court still must determine that immunity is unavailable under the Act.") If the District Court lacked subject matter jurisdiction, it should not have reached the merits of Judge's claims.

Section 1330(a) provides that District Courts have jurisdiction over civil actions against foreign states as to any claim "with respect to which the foreign state is not entitled to immunity either under sections 1605-1607 of this title or under any applicable international agreement." Judge does not point to any exception to foreign sovereign immunity in Sections 1605-1607 under which his claims fall, and we have found none. Nor does the International Covenant on Civil and Political Rights, as an international agreement, provide jurisdiction over Canada in federal courts. See Sosa v. Alvarez-Machain, 542 U.S. 692, 735 (2004)("[A]lthough the Covenant does bind the United States as a matter of international law, the United States ratified the Covenant on

4

the express understanding that it was not self-executing and so did not itself create obligations enforceable in the federal courts.")

We conclude that the District Court lacked subject matter jurisdiction over Judge's claims against Canada. Accordingly, we will affirm the District Court's order dismissing the action on the alternate ground that it lacked subject matter jurisdiction. Appellant's motion for the appointment of counsel is denied.