**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 09-7390

RICKY B. CAMPBELL,

Plaintiff – Appellant,

FEDERAL BUREAU OF INVESTIGATION, Beckley, West Virginia,

Party-in-Interest - Appellee,

v.

BECKLEY POLICE DEPARTMENT; BILLY COLE, Former Chief of Police, 340 Prince Street, Beckley, WV 25801; GANT MONTGOMERY, Beckley Police Officer; REGINALD BAILEY, Beckley Police Officer; WILLIAM REYNOLDS, Beckley Police Officer; THE CITY OF BECKLEY, WEST VIRGINIA; EMMETT S. PUGH, Mayor of Beckley, WV; TIM SWEENY, Beckley Police Officer; STANLEY SWEENY, Beckley Police Officer; DOE DEFENDANTS 1 THROUGH 50; BRITNEY D. SMITH, Administratrix of the Estate of Charles "Chuck" Smith II; A. K. MINTER, JR., Councilman; ANN W. WORLEY, Councilwoman; STEVEN B. NICKELL, Councilman; TIM R. BERRY; HOWARD L. MOLLOHAN, Councilman; ROBERT R. RAPPOLD; A. LEE LEFTWICH, Councilman,

Defendants – Appellees,

and

CHUCK SMITH, Beckley Police Officer,

Defendant.

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley. Thomas E. Johnston, District Judge. (5:06-cv-00659)

Submitted:  November 16, 2009          Decided:  August 5, 2010

Before MICHAEL and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Reversed and remanded by unpublished per curiam opinion.

Michael Thane Clifford, Charleston, West Virginia, for Appellant.  Charles T. Miller, United States Attorney, Stephen Michael Horn, Assistant United States Attorney, Charleston, West Virginia; Michael Lloyd Graves, Jr., Chip E. Williams, Ashley L. Justice, PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC, Beckley, West Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ricky B. Campbell appeals the district court's order granting summary judgment on his claims under 42 U.S.C. § 1983 (2006). Campbell's claims arose from a search of his home pursuant to a search warrant, during which officers seized large amounts of marijuana and numerous marijuana plants. After the search, Campbell discovered a radio transmitter left by the officers under his dresser.

Campbell was subsequently prosecuted for possession with intent to distribute marijuana as well as the cultivation of marijuana plants, in violation of 21 U.S.C. § 841(a)(1) (2006). Campbell pled guilty to cultivation, and was sentenced on July 14, 2005. Though Campbell does not assert that any of his conversations were intercepted by the transmitter, he seeks damages for injuries allegedly suffered during sentencing when one of the officers involved in the search denied placing the transmitter in Campbell's home.[*] Campbell asserted that based on this testimony, the sentencing court concluded he had obstructed justice and enhanced his sentence by two and a half years after finding that Campbell falsified his claims regarding the planting of the transmitter. The district court granted summary

_____

[*] Though Campbell raised a variety of causes of action in his Complaint, this appeal relates only to the officer's testimony at sentencing.

3

judgment as to this claim, finding that a § 1983 action was not the proper vehicle to challenge the impropriety of his sentence.

Campbell filed a timely appeal, asserting that the district court erred in finding that his § 1983 claim was not the proper vehicle for challenging his sentence. Campbell contends that he has already served his enhanced sentence, and that there is no other means by which he could receive compensation for the false testimony of one of the Defendants during Campbell's sentencing. Thus, because Campbell is not seeking to set aside his sentence, but is instead seeking financial redress for the enhanced time, Campbell contends that the district court erred in granting summary judgment on this basis. We agree that the district court erred and reverse the judgment of the district court as to this issue.

We review a district court's order granting summary judgment de novo, drawing reasonable inferences in the light most favorable to the non-moving party. See Nader v. Blair, 549 F.3d 953, 958 (4th Cir. 2008). Summary judgment may be granted only when "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). However, "[c]onclusory or speculative allegations do not suffice, nor does a mere scintilla of evidence in support of his case." Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002) (internal quotation

4

marks and citation omitted).  Summary judgment will be granted unless a reasonable jury could return a verdict for the nonmoving party on the evidence presented.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  We may affirm a district court's judgment on any ground supported by the record.  Suter v. United States, 441 F.3d 306, 310 (4th Cir. 2006).

Generally, under the doctrine established by Heck v. Humphrey, 512 U.S. 477 (1994), if a state prisoner's successful claim for damages under § 1983 "'would necessarily imply the invalidity of his conviction or sentence,'" such a claim is not cognizable under § 1983 unless the prisoner can demonstrate that his conviction or sentence has already been invalidated. Young v. Nickols, 413 F.3d 416, 418-19 (4th Cir. 2005) (quoting Heck, 512 U.S. at 487).  However, when a former prisoner is challenging the validity of his past confinement, and due to his release "would be left without any access to federal court if his § 1983 claim was barred[,]" this court has allowed the former prisoner's § 1983 claim to proceed.  Wilson v. Johnson, 535 F.3d 262, 268 (4th Cir. 2008).

Here, the district court cites to Nelson v. Campbell, 541 U.S. 637, 643 (2004), for the premise that claims "fall[ing] within the 'core' of habeas corpus . . . [are] not cognizable when brought pursuant to § 1983."  However, this holding is

5

limited in <u>Nelson</u> to actions filed by prisoners. <u>Id.</u> <u>Nelson</u> is silent as to the applicability of this issue to non-prisoner litigants challenging the validity of their confinement, and under this court's subsequent precedent in <u>Wilson</u>, such claims may proceed. <u>See</u> 535 F.3d at 268. Campbell has served his sentence and therefore cannot bring a habeas challenge. Because he would otherwise be left without access to federal court, his § 1983 claim may proceed, and the district court committed reversible error in finding to the contrary. <u>See</u> <u>id.</u>

Accordingly, we reverse the judgment of the district court as to this issue and remand for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately expressed in the materials before the court and argument would not aid the decisional process.

<u>REVERSED AND REMANDED</u>