**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-7019**

_____

CHRISTOPHER ALIPUI,

     Plaintiff - Appellant,

  v.

BRIAN BYERSON; JOHN DOE, White Male Officer; JOHN DOE, White
Male Officer; JOHN DOE, Duty Sergeant; JOHN DOE, Lady
Detective,

     Defendants - Appellees.

_____

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  Claude M. Hilton, Senior
District Judge.  (1:14-cv-00103-GBL-JFA)

_____

Submitted:  December 22, 2015   Decided:  January 20, 2016

_____

Before DUNCAN and KEENAN, Circuit Judges, and DAVIS, Senior
Circuit Judge.

_____

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

_____

Christopher Alipui, Appellant Pro Se.  Kimberly Pace Baucom,
Assistant County Attorney, Jamie Marie Greenzweig, FAIRFAX
COUNTY ATTORNEY'S OFFICE, Fairfax, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Alipui appeals the district court's order denying relief on his 42 U.S.C. § 1983 (2012) complaint. Alipui asserts that the district court erred in granting Defendants' motion to dismiss. We affirm in part, vacate in part, and remand.

We review de novo a district court's order dismissing a complaint for failure to state a claim, assuming that all well-pleaded, nonconclusory factual allegations in the complaint are true. SD3, LLC v. Black & Decker (U.S.) Inc., 801 F.3d 412, 422 (4th Cir. 2015). In order to state a claim, a complaint must assert factual allegations sufficient "to raise a right to relief above the speculative level" and have "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). We need not accept the legal conclusions plaintiff draws from these facts, or "accept unwarranted inferences, unreasonable conclusions, or arguments." SD3, LLC, 801 F.3d at 422 (internal quotation marks omitted).

Alipui's claims arise from his arrest on state credit card theft charges. Alipui alleged that Officer Brian Byerson searched his cell phone and person; seized his personal belongings; and arrested him without a warrant or probable

2

cause. The state court later entered a nolle prosequi on the credit card charges. Alipui then pleaded guilty, pursuant to a written plea agreement, to federal charges of bank fraud and aggravated identity theft. The district court held that Alipui's claims in the present case were barred by Heck v. Humphrey, 512 U.S. 477 (1994), because success on his claims would necessarily imply the invalidity of his federal convictions.

Under Heck, if a prisoner's successful § 1983 claim "'would necessarily imply the invalidity of his conviction or sentence,'" the claim is not cognizable unless the prisoner "'demonstrate[s] that the conviction or sentence already has been invalidated.'" Young v. Nichols, 413 F.3d 416, 418-19 (4th Cir. 2005) (quoting Heck, 512 U.S. at 487). However, "civil claims based on unreasonable searches do not necessarily imply that the resulting criminal convictions were unlawful." Covey v. Assessor of Ohio Cnty., 777 F.3d 186, 197 (4th Cir. 2015). "[A] civil-rights claim does not necessarily imply the invalidity of a conviction or sentence if (1) the conviction derives from a guilty plea rather than a verdict obtained with unlawfully obtained evidence and (2) the plaintiff does not plead facts inconsistent with guilt." Id.

We conclude that on the record currently before us success on Alipui's claims would not necessarily imply the invalidity of his federal convictions. Because it is not clear that the evidence seized during Alipui's arrest on state credit card theft charges was used to secure his federal convictions for bank fraud and aggravated identity theft, success on his search and seizure claims would not necessarily imply that his federal convictions were invalid. Additionally, Alipui did not plead facts in his § 1983 complaint that are inconsistent with his guilty pleas to the federal charges. See Covey, 777 F.3d at 197. Finally, success on Alipui's claim that Byerson lacked probable cause to arrest him for credit card theft would not necessarily imply that his later federal convictions for bank fraud and aggravated identity theft, for which he was separately arrested, were invalid. Accordingly, we grant leave to proceed in forma pauperis, vacate the district court's dismissal of Alipui's false arrest and illegal search and seizure claims, and remand for further proceedings.

Turning to Alipui's remaining claims, we have reviewed the record and find no reversible error in the district court's dismissal of those claims. We therefore affirm the district court's order dismissing his remaining claims and denying his motion to appoint counsel for the reasons stated by the district

4

court.  Alipui v. Byerson, No. 1:14-cv-00103-GBL-JFA (E.D. Va. June 2, 2015).  We deny Alipui's motion to appoint counsel and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED
