FILED
United States Court of Appeals
Tenth Circuit

August 9, 2018

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

JOAN E. FARR,

     Plaintiff - Appellant,

v.

DARYL DAVIS; DENNIS MOON;
DEANN COOTE; JOHN PATRICK
HALL; HUCKLEBERRY
HOMEOWNERS ASSOCIATION,

     Defendants - Appellees.

No. 18-3041
(D.C. No. 2:16-CV-02180-CM)
(D. Kan.)

_____

ORDER AND JUDGMENT[*]
_____

Before **BACHARACH**, **MURPHY**, and **MORITZ**, Circuit Judges.
_____

Proceeding pro se,[1] Joan Farr appeals the district court's order granting

summary judgment on her 42 U.S.C. § 1983 claim in favor of the Huckleberry

Homeowners Association and its board members (collectively, HOA). She also

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument wouldn't materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment isn't binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

[1] We construe pro se pleadings liberally, but we won't act as Farr's advocate. *See French v. Adams Cty. Det. Ctr.*, 379 F.3d 1158, 1159 (10th Cir. 2004).

challenges the district court's order denying her motion for reconsideration. We affirm.

## Background

Farr and the HOA have been embroiled in a series of disagreements for much of the past two decades, the details of which aren't strictly relevant here. Tensions reached a boiling point in June 2015, when the Sedgwick County Sheriff's Office attempted to serve an arrest warrant on Farr's son for violating a no-contact order with his ex-spouse. Specifically, Farr says that approximately eight members of the Sheriff's Office surrounded her home, guns drawn, and banged on her doors demanding that her son exit the home. Farr then brought this action against the HOA, alleging that the HOA violated her constitutional rights by conspiring with the Sheriff's Office to arrest her son without probable cause in retaliation for certain protected First Amendment activity. She also alleged state-law claims for conversion and intentional infliction of emotional distress.[2]

After the close of discovery, Farr and the HOA each moved for summary judgment. The district court granted summary judgment in favor of the HOA and denied Farr's motion as moot. It then declined to exercise supplemental jurisdiction over the remaining state-law claims. Farr filed a motion for reconsideration, which

---

[2] Farr actually alleged a federal conversion claim below. Here, she concedes that she mistakenly asserted a federal conversion claim and instead asks that we interpret that federal claim as a state conversion claim. For purposes of this appeal, we assume Farr raised a state conversion claim below.

the district court denied. It also denied Farr's request for permission to proceed in forma pauperis (IFP) on appeal.

## Analysis

We review de novo the district court's order granting summary judgment and draw all reasonable inferences in favor of Farr as the non-moving party. *See Doe v. City of Albuquerque*, 667 F.3d 1111, 1122 (10th Cir. 2012). Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

To state a § 1983 claim, a plaintiff must show "the deprivation of [a federal] right by a person acting under color of state law." *Wittner v. Banner Health*, 720 F.3d 770, 773 (10th Cir. 2013); *see also* § 1983. In determining whether a nominally private person or entity acted under color of state law, we employ one of four tests: (1) nexus, (2) symbiotic relationship, (3) joint action, or (4) public function. *See Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995). The joint-action test applies when a plaintiff alleges, as Farr does in this case, that "state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights." *Id.* at 1453.

Here, the district court not only found that Farr failed to present any evidence that the Sherriff's Office acted in concert with the HOA when it attempted to arrest Farr's son, the evidence was to the contrary. In particular, the district court cited a report from the Sherriff's Office indicating that the ex-spouse informed the Sherriff's

Office that Farr's son violated a no-contact order. Notably, that report didn't even reference the HOA.

Farr contends the district court overlooked evidence showing that (1) the Sheriff's Office lacked probable cause for her son's arrest warrant, (2) the HOA harbored a vendetta against her, and (3) an HOA official was acquainted with certain officials in the Sherriff's Office. And she says this circumstantial evidence shows that it "was obvious" the HOA and the Sheriff's Office willfully acted together against her and her family. Aplt. Br. 5.

We disagree. Even assuming the Sheriff's Office lacked probable cause, Farr must show the HOA had some involvement in issuing the arrest warrant. And no reasonable jury could infer the existence of a conspiracy between the Sheriff's Office and the HOA from the mere facts that Farr experienced conflicts with the HOA in the past and there was some acquaintance between officials from the HOA and the Sheriff's Office. As such, the district court properly granted summary judgment in favor of the HOA on Farr's § 1983 claim and properly denied her motion for reconsideration.

Moreover, Farr fails to challenge the district court's refusal to exercise supplemental jurisdiction over her state-law claims. *See Exum v. U.S. Olympic Comm.*, 389 F.3d 1130, 1138 (10th Cir. 2004) (explaining that when a district court dismisses federal-law claims, it "may decline to exercise supplemental jurisdiction over" remaining state-law claims). Thus, she has waived any argument that the district court abused its discretion in doing so. *See United States v. Almaraz*, 306

4

F.3d 1031, 1041 (10th Cir. 2002) (explaining that "arguments not briefed on appeal are waived").

Accordingly, we affirm the district court's orders granting summary judgment in favor of the HOA and denying Farr's motion for reconsideration. As a final matter, we deny Farr's request to proceed IFP because she has sufficient assets to pay the filing fees on appeal. *See Treff v. Galetka*, 74 F.3d 191, 197 (10th Cir. 1996).

Entered for the Court

Nancy L. Moritz
Circuit Judge