Jeffrey R. **CHODOROW**

v.

Bruce H. **ROSWICK**, Esq., and **Balcor Real Estate Finance, Inc.**

Civ. A. No. 93–4429.

United States District Court, E.D. Pennsylvania.

March 16, 1995.

Paul R. Rosen, Niels Korup, Philadelphia, PA, for plaintiff.

Francis X. Grossi, Jr., Raymond E. Stachnik, James M. Witz, Chicago, IL, Jeffrey Meyers, Philadelphia, PA, for defendants.

*ORDER*

DITTER, District Judge.

AND NOW, this 16th day of March, 1995, it is hereby ordered that plaintiff's motion for dismissal pursuant to Federal Rule of Civil Procedure 41 is GRANTED and this action is dismissed with prejudice.

In conjunction with this order I make the following findings:

1. This case arises out of bankruptcy proceedings concerning 641 Associates, of which plaintiff, Jeffrey Chodorow, was the president. 641 Associates owned a building at 641 Avenue of the Americas in New York City. Defendant, Balcor Real Estate Finance, Inc.,

held a first mortgage on the 641 property. Defendant, Bruce H. Roswick, Esq., is the attorney who represented Balcor. At the time of the events giving rise to this action, 641 Associates was seeking the bankruptcy court's approval of its reorganization plan, which included a venture whereby plaintiff and Fitness Concepts, Inc., would operate a Gold's Gym franchise at the 641 site. Adam and Larry Hock are the shareholders of Fitness.

2. On March 1, 1993, prior to a hearing on confirmation of 641's reorganization plan, Roswick contacted the Hocks' attorney and made several allegedly defamatory remarks about Chodorow in an effort to block confirmation of the reorganization plan.

3. Plaintiff sued Roswick and Balcor in a three-count complaint alleging defamation and two counts of intentional interference with contractual relationship.[1] The defamation count alleged that defendants' statements "imputed criminal, indictable offenses to Chodorow," including

*that* Chodorow was criminally liable together with one Scot Spencer for extortion and fraudulent concealment of property belonging to the debtor in a Chapter 11 proceeding involving Braniff International Airlines, Inc.;

*that* Chodorow's business integrity had been destroyed as evidenced by criminal investigations and the possibility of criminal prosecution of Chodorow;

*that* Chodorow may be criminally liable for other non-disclosed indictable offenses in connection with Braniff International Airlines, Inc.; and

*that* Chodorow had been interviewed by the F.B.I. as part of its continuing criminal investigation of his affairs.

(Compl. ¶ 19).

4. In July, 1994, plaintiff was indicted in the Eastern District of New York. The four-count indictment charged Chodorow and Scot Spencer with conspiring to defraud the United States Department of Transportation; of corruptly influencing the due administration of law by endeavoring to conceal Spencer's involvement with the operation of Braniff International Airlines; of conspiring to fraudulently conceal from creditors property belonging to the estate of a debtor, *i.e.,* funds belonging to Braniff; and of fraudulently concealing from creditors property belonging to the estate of Braniff, a debtor.

5. In October, 1994, plaintiff moved to dismiss this action pursuant to Federal Rule of Civil Procedure 41, realizing that "as a practical matter, his prospects of prevailing at trial have been impaired." Plaintiff seeks a voluntary dismissal without prejudice.[2] Defendants oppose dismissal without prejudice and seek instead either dismissal with prejudice or, in the alternative, dismissal without prejudice contingent upon plaintiff's payment of defendants' attorneys fees and costs.

6. Federal Rule of Civil Procedure 41(a)(2) provides for voluntary dismissal by plaintiff upon order of the court; such dismissal is generally without prejudice. It is within the court's discretion, however, to grant the dismissal with prejudice where it would be inequitable or prejudicial to defendant to allow plaintiff to refile the action. *Burnette v. Godshall,* 828 F.Supp. 1439, 1443 (N.D.Cal.1993). The prejudice to defendant must be something other than the mere prospect of a second lawsuit. *Miller v. Trans World Airlines, Inc.* 103 F.R.D. 20, 21 (E.D.Pa.1984).

7. I find that defendants would suffer prejudice beyond simply the threat of the suit being filed a second time if this action is dismissed without prejudice. First, if plaintiff intended to refile this suit, he would not likely do so until after his criminal action is resolved, which could delay the civil matter considerably pending appellate review of the criminal case. During that time, memories may fade, documents may get lost, and wit-

---

1. In March, 1994, I granted defendants' motion to dismiss the two counts of intentional interference with contractual relationship.

2. Plaintiff's motion references Federal Rule of Civil Procedure *41(b)* and quotes the provision for voluntary dismissal by order of court. Rule 41(b) applies to involuntary dismissals. Plaintiff quotes the proper section for voluntary dismissal, which is Rule *41(a)(2).*

nesses may disappear. On the other hand, if plaintiff refiled this case before the criminal matters were resolved, defendants would be unable to conduct important discovery such as a deposition of Chodorow. Second, given the remarkable similarities between the allegations of defamation in the complaint and the counts charged in the indictment, a second defamation suit would border on the frivolous or, at the very least, rest on a very slim chance of success, as even plaintiff has recognized in his motion. Even so, Roswick would be prejudiced by having the spectre of a second suit lurking in the shadows. As an attorney, his professional reputation, Bar standing, or professional liability insurance could be impaired by the defamation suit, even one that would appear to have little prospect of success.

8. Finally, plaintiff's reason for dismissing this action—his realization that his chances of success have been impaired by the occurrence of some or all of the events of which Roswick supposedly spoke and by which he allegedly defamed plaintiff—is lacking in merit. There are any number of meritorious reasons why a plaintiff might seek voluntary dismissal without prejudice. So that justice is done in such cases, voluntary dismissal is favored. Here, however, plaintiff's sole reason to delay speedy resolution of his dispute with Roswick and Balcor is his realization that his case has been weakened by events and his corresponding hope that the passage of time will somehow improve things for him. These hopes do not provide a persuasive reason for dismissal without prejudice.

9. Because I find that defendants would be prejudiced by a dismissal without prejudice, plaintiff's motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2) must be granted, but the dismissal must be granted with prejudice.