**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 14-2358

ANDON, LLC; RECONCILING PEOPLE TOGETHER IN FAITH
MINISTRIES, LLC,

Plaintiffs - Appellants,

v.

THE CITY OF NEWPORT NEWS, VIRGINIA,

Defendant - Appellee.

Appeal from the United States District Court for the Eastern
District of Virginia, at Newport News. Robert G. Doumar, Senior
District Judge. (4:14-cv-00076-RGD-LRL)

Argued: December 9, 2015          Decided: February 9, 2016

Before WILKINSON, KEENAN, and HARRIS, Circuit Judges.

Affirmed by published opinion. Judge Keenan wrote the opinion,
in which Judge Wilkinson and Judge Harris joined.

**ARGUED:** Michael Bruce Ware, SCHEMPF & WARE, PLLC, Yorktown,
Virginia, for Appellants. Darlene P. Bradberry, OFFICE OF THE
CITY ATTORNEY FOR THE CITY OF NEWPORT NEWS, Newport News,
Virginia, for Appellee. **ON BRIEF:** Adrienne Michelle Sakyi,
SCHEMPF & WARE, PLLC, Yorktown, Virginia, for Appellants.

BARBARA MILANO KEENAN, Circuit Judge:

In this appeal, we consider whether the district court erred in dismissing with prejudice a complaint filed by two entities, Andon, LLC, and Reconciling People Together in Faith Ministries, LLC (collectively, the plaintiffs) against the City of Newport News, Virginia (the City, or Newport News). The plaintiffs' complaint alleged that the City, acting through its Board of Zoning Appeals (BZA), violated the Religious Land Use and Institutionalized Persons Act (RLUIPA, or the Act), 42 U.S.C. § 2000cc et seq., by denying the plaintiffs' request for a variance to permit a certain property to be used as a church facility.

Upon our review, we conclude that the plaintiffs failed to state a claim that the BZA's decision imposed a substantial burden on the plaintiffs' right of religious exercise. We also conclude that the district court did not abuse its discretion in denying the plaintiffs' request to amend their complaint, because any such amendment would have been futile. We therefore affirm the district court's judgment.


I.

In 2012, Walter T. Terry, Jr. formed a congregation for religious worship known as Reconciling People Together in Faith Ministries, LLC (the congregation) in Newport News, and served

2

as its pastor.  Although the members of the congregation initially gathered to worship in a local business owned by Terry, they later sought a larger location for their use.

Terry ultimately found a suitable property, which included an office building (the building) and a small parking lot, that was offered for "lease or sale" by Andon, LLC (Andon).  The property is located at 6212 Jefferson Avenue in Newport News (the property).

Andon had purchased the property, a 0.32-acre parcel of land, in 2011.  Since 1997, the property continuously has been classified for commercial use under the City's zoning ordinance. The ordinance provides that properties zoned for commercial use may be used for a "community facility," including a "place of worship" or church, only when four conditions are satisfied:

> (a) access is provided from a public street directly to the property; (b) no use is operated for commercial gain; (c) no building or structure, nor accessory building or structure is located within 100 feet of any side or rear property line which is zoned single-family residential; and, (d) any parking lot or street serving such use is located 25 feet or more from a side or rear property line zoned single family residential.

Newport News, Va. Municipal Code § 45-519.

Although the property complied with three of these conditions, the property did not satisfy the "setback" requirement in subsection (c), because the building is located fewer than 100 feet from the rear and side property lines that

3

are adjacent to properties zoned for "single-family residential" use.[1]  Despite knowledge of this problem, the congregation entered into a written lease agreement with Andon that was contingent on Andon obtaining "City approval" allowing operation of a church facility on the property.  Seeking to satisfy this contingency in the lease agreement, Andon filed with the BZA an application requesting a variance from the setback requirement.

After reviewing Andon's application, the City Codes and Compliance Department (the Compliance Department) filed a report with the BZA concerning the variance request.  The report stated that the BZA, prior to issuing a variance, must first find that: (1) "strict application of the ordinance would produce an undue hardship" relating to the property "not shared generally by other properties"; (2) such a variance "will not be of substantial detriment to adjacent property"; and (3) "the character of the district will not be changed" by granting the variance.  See Newport News, Va. Municipal Code § 45-3203(c). Based on these restrictions, the Compliance Department recommended that the BZA deny the variance, because the property could be used for other purposes without a variance, and because

---

[1] The building is located 33 feet, 85 feet, and 80 feet away from the rear and side property lines abutting neighboring residential properties.

4

denial of a variance would not cause Andon to suffer a hardship unique among other commercial property owners in the vicinity.

After holding a public hearing, the BZA adopted the Compliance Department's recommendation and voted to deny the variance request. Andon appealed from the BZA decision to a Virginia state circuit court, which upheld the BZA's determination.

The plaintiffs filed the present suit in federal district court alleging that the BZA's denial of their variance request imposed a substantial burden on the plaintiffs' religious exercise in violation of RLUIPA, 42 U.S.C. § 2000cc(a)(1) (the substantial burden claim). The plaintiffs alleged that the BZA's action caused "delay in obtaining a viable worship location" and "uncertainty as to whether . . . the [c]ongregation will be able to go forward with the lease of the [p]roperty."

The plaintiffs attached to their complaint an affidavit from Terry, who stated that he "could not find a[n alternate property] that was the appropriate size, location, and price" to serve as a place of worship for the congregation. He also stated in the affidavit that "[m]any of the [alternative] buildings were too large and too expensive for [the] young congregation."

The City moved to dismiss the complaint with prejudice under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The district court granted the City's motion, denied the plaintiffs' request to file an amended complaint, and entered judgment in favor of the City.[2] The plaintiffs timely filed this appeal.

## II.

We review de novo the district court's dismissal of a complaint under Rule 12(b)(6) for failure to state a claim. United States ex rel. Nathan v. Takeda Pharms. N. Am., Inc., 707 F.3d 451, 455 (4th Cir. 2013). To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). When reviewing the district court's action, we consider the factual allegations in the plaintiffs' complaint as true. Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 764 (4th Cir. 2003).

---

[2] The City also argued in its motion to dismiss that Andon lacked standing to bring the RLUIPA claim. The district court disagreed, and the City does not challenge this ruling on appeal. Although a litigant's standing presents a jurisdictional question that may be considered sua sponte by this Court, see Benham v. City of Charlotte, 635 F.3d 129, 134 (4th Cir. 2011), we need not address the district court's ruling regarding Andon's standing, because the congregation unquestionably had standing to file suit alleging a violation under RLUIPA.

6

The plaintiffs argue that the district court erred in dismissing their complaint of a RLUIPA violation, contending that the BZA's action denying a variance imposed a substantial burden on their religious exercise. Citing our decision in Bethel World Outreach Ministries v. Montgomery County Council, 706 F.3d 548 (4th Cir. 2013), the plaintiffs assert that they plausibly alleged a claim under RLUIPA, because, as a result of the BZA's action, the congregation has been unable to find a suitable location in the City for worship, and the plaintiffs have suffered "delay, expense, and uncertainty" in establishing a church location and in executing the lease agreement. The plaintiffs alternatively contend that the district court abused its discretion in refusing their request to amend their complaint. We disagree with the plaintiffs' arguments.

RLUIPA contains two provisions limiting governmental regulation of land use with respect to religious exercise.[3] The first such RLUIPA provision prohibits governmental entities from imposing land use restrictions that: (1) treat a religious organization "on less than equal terms" with a nonreligious

_____

[3] Under RLUIPA, "'religious exercise' includes any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc-5(7)(A). And "[t]he use, building, or conversion of real property for the purpose of religious exercise shall be considered to be religious exercise of the person or entity that uses or intends to use the property for that purpose." 42 U.S.C. § 2000cc-5(7)(B).

organization; or (2) discriminate against any organization on the basis of religion.  42 U.S.C. § 2000cc(b)(1), (2).

The second RLUIPA provision addressing governmental regulation of land use, on which the plaintiffs base their claim, does not require a showing of discriminatory governmental conduct.  42 U.S.C. § 2000cc(a)(1); see Bethel, 706 F.3d at 557. Instead, this provision prohibits a governmental entity from imposing or implementing a

> land use regulation . . . that imposes a substantial burden on the religious exercise of a person, including a religious assembly or institution, unless the government demonstrates that imposition of the burden on that person, assembly, or institution (A) is in furtherance of a compelling governmental interest; and (B) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc(a)(1).

To state a substantial burden claim under RLUIPA, a plaintiff therefore must show that a government's imposition of a regulation regarding land use, or application of such a regulation, caused a hardship that substantially affected the plaintiff's right of religious exercise.  See Bethel, 706 F.3d at 556; Guru Nanak Sikh Soc'y of Yuba City v. Cty. of Sutter, 456 F.3d 978, 988-89 (9th Cir. 2006); Civil Liberties for Urban Believers v. City of Chicago, 342 F.3d 752, 761 (7th Cir. 2003). We addressed the scope of substantial burden claims under RLUIPA in our decision in Bethel.

8

The plaintiff in Bethel asserted a substantial burden claim against a county that had adopted two land use regulations after the plaintiff had purchased property for the then-permitted purpose of constructing a large church. 706 F.3d at 553-55. The first regulation at issue in Bethel banned extension of public water and sewer services to certain classifications of property, including the plaintiff's property. Id. at 553. In response to the county's implementation of this regulation, the plaintiff modified its construction plans and proposed to build a smaller church that operated on a private septic system. Id. at 554. Before those plans were approved, however, the county adopted a second regulation applicable to the plaintiff's property, which prohibited the construction of private institutional facilities including churches. Id.

Although the county regulations we considered in Bethel did not target religious exercise and applied generally to both secular and religious uses, we concluded that the plaintiff nevertheless presented a triable RLUIPA claim, because the regulations substantially pressured the plaintiff to modify and ultimately to abandon its pre-existing plan to construct a church. Id. at 556-59. And, we explained, although other real property may have been available for the plaintiff to purchase, the "delay, uncertainty, and expense" of selling the plaintiff's property and finding an alternate location increased the burden

9

imposed on the plaintiff's religious exercise.  Id. at 557-58.
In reaching this conclusion, we emphasized that a critical
function of RLUIPA's substantial burden restriction is to
protect a plaintiff's reasonable expectation to use real
property for religious purposes.  Id. at 556-57; see Petra
Presbyterian Church v. Vill. of Northbrook, 489 F.3d 846, 851
(7th Cir. 2007) (explaining that when an organization buys
property "reasonably expecting to obtain a permit, the denial of
the permit may inflict hardship" on the organization).

The circumstances of the present case are materially
different from those presented in Bethel.  The plaintiffs here
never had a reasonable expectation that the property could be
used as a church.  When the plaintiffs entered into the
prospective lease agreement, the property was not a permitted
site for a community facility such as a church, and had not met
applicable setback requirements for that type of use for at
least 14 years.  Before Andon filed the application seeking a
variance, the Zoning Administrator had informed Andon that the
application would not be approved for failure to meet the
setback requirement.  Thus, the plaintiffs assumed the risk of
an unfavorable decision, and chose to mitigate the impact of
such a result by including the contingency provision in the
lease.  Accordingly, unlike the governmental action at issue in
Bethel, the BZA's denial of the variance in the present case did

not alter any pre-existing expectation that the plaintiffs would be able to use the property for a church facility, or cause them to suffer delay and uncertainty in locating a place of worship.

Because the plaintiffs knowingly entered into a contingent lease agreement for a non-conforming property, the alleged burdens they sustained were not imposed by the BZA's action denying the variance, but were self-imposed hardships. See Petra Presbyterian Church, 489 F.3d at 851 (because the plaintiff purchased property with knowledge that the permit to use the property for a church would be denied, the plaintiff "assumed the risk of having to sell the property and find an alternative site for its church"). A self-imposed hardship generally will not support a substantial burden claim under RLUIPA, because the hardship was not imposed by governmental action altering a legitimate, pre-existing expectation that a property could be obtained for a particular land use. See Bethel, 706 F.3d at 556-58; Petra Presbyterian Church, 489 F.3d at 851. Therefore, we hold that under these circumstances, the plaintiffs have not satisfied the "substantial burden" requirement of governmental action under RLUIPA.[4] See Bethel,

---

[4] We do not reach the merits of the plaintiffs' separate, speculative contention that if the congregation had purchased the property, instead of entering into a contingent lease agreement, the financial loss sustained would have been
(Continued)

11

706 F.3d at 556; Guru Nanak Sikh Soc'y of Yuba City, 456 F.3d at 988-89; Civil Liberties for Urban Believers, 342 F.3d at 761.

Our conclusion is not altered by the plaintiffs' further contention that they have been unable to find another property that meets the congregation's desired location, size, and budgetary limitations. The absence of affordable and available properties within a geographic area will not by itself support a substantial burden claim under RLUIPA. See Civil Liberties for Urban Believers, 342 F.3d at 762 (concluding that the "scarcity of affordable land available" and costs "incidental to any high-density urban land use" represent "ordinary difficulties associated with location" and do not support a substantial burden claim under RLUIPA).

We further observe that if we agreed with the plaintiffs that the BZA's denial of a variance imposed a substantial burden on their religious exercise, we effectively would be granting an automatic exemption to religious organizations from generally applicable land use regulations. Such a holding would usurp the role of local governments in zoning matters when a religious group is seeking a variance, and impermissibly would favor religious uses over secular uses. See Petra Presbyterian

_____

sufficient to state a substantial burden claim. We decline to pass judgment on facts not before us.

12

Church, 489 F.3d at 851 (reasoning that the substantial burden requirement must be taken seriously, or religious organizations would be free "from zoning restrictions of any kind"); Civil Liberties for Urban Believers, 342 F.3d at 762 (explaining that no "free pass for religious land uses masquerades among the legitimate protections RLUIPA affords to religious exercise").

The plain language of RLUIPA, however, prevents such a result. By requiring that any substantial burden be imposed by governmental action and by carefully balancing individual rights and compelling governmental interests, the language of RLUIPA demonstrates that Congress did not intend for RLUIPA to undermine the legitimate role of local governments in enacting and implementing land use regulations. See Petra Presbyterian Church, 489 F.3d at 851; Civil Liberties for Urban Believers, 342 F.3d at 762.

Finally, we conclude that the district court did not abuse its discretion in denying the plaintiffs' request to amend their complaint. See HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross, 101 F.3d 1005, 1010 (4th Cir. 1996) (stating the applicable standard of review). Because the plaintiffs did not have a reasonable expectation to use the property as a church and any burden on their religious exercise was self-imposed, the plaintiffs cannot articulate any set of facts demonstrating that an amendment would survive the City's motion to dismiss. Thus,

13

we agree with the district court that any amendment to the complaint would have been futile. See Scott v. Family Dollar Stores, Inc., 733 F.3d 105, 121 (4th Cir. 2013) ("Denying leave to amend is appropriate when . . . the amendment would have been futile.").

## III.

For these reasons, we affirm the district court's judgment dismissing with prejudice the plaintiffs' complaint against the City.

AFFIRMED