**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-1814**

MICHAEL MORAVITZ,

Plaintiff - Appellant,

v.

RICHARD ANDERSON, Officer,

Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Gerald Bruce Lee, District Judge. (1:15-cv-00506-GBL-JFA)

Submitted: February 29, 2016        Decided: April 11, 2016

Before GREGORY, AGEE, and HARRIS, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

S. W. Dawson, DAWSON, P.L.C., Norfolk, Virginia, for Appellant. Jamie M. Greenzweig, OFFICE OF THE COUNTY ATTORNEY, Fairfax, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Moravitz appeals the district court's order granting Richard Anderson's motion to dismiss Moravitz's 42 U.S.C. § 1983 (2012) complaint as barred by Heck v. Humphrey, 512 U.S. 477 (1994). Moravitz contends that his unlawful-arrest claim is not precluded by Heck. We agree.

"We review de novo the district court's dismissal of a complaint under [Fed. R. Civ. P.] 12(b)(6) for failure to state a claim." Andon, LLC v. City of Newport News, No. 14-2358, ___ F.3d ___, 2016 WL 502714, at *2 (4th Cir. 2016). "When reviewing the district court's action, we consider the factual allegations in the plaintiff['s] complaint as true." Id.

Under Heck, if a state prisoner's successful § 1983 claim "'would necessarily imply the invalidity of his conviction or sentence,'" the claim is not cognizable unless he demonstrates that his conviction or sentence has been invalidated. Young v. Nickols, 413 F.3d 416, 419 (4th Cir. 2005) (quoting Heck, 512 U.S. at 487). "A would-be plaintiff who is no longer in custody may bring a § 1983 claim undermining the validity of a prior conviction only if he lacked access to federal habeas corpus while in custody." Griffin v. Balt. Police Dep't, 804 F.3d 692, 697 (4th Cir. 2015).

Here, Moravitz's criminal sentence only involved a monetary fine; he was not sentenced to a term of incarceration. Thus,

2

irrespective of whether success necessarily implies the invalidity of Moravitz's conviction or whether Moravitz demonstrates that his conviction has been invalidated, we conclude that Heck does not bar his § 1983 claim because Moravitz "could [not] have practicably sought habeas relief." Covey v. Assessor of Ohio Cty., 777 F.3d 186, 197 (4th Cir. 2015); see Leather v. Eyck, 180 F.3d 420, 424 (2d Cir. 1999). Accordingly, we vacate the district court's order and remand for further proceedings consistent with this opinion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

VACATED AND REMANDED