IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**December 15, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**TIMOTHY HALL,**
**Plaintiff Below, Petitioner**

**vs.) No. 22-ICA-200**         (Cir. Ct. Berkeley Cnty. No. CC-02-2022-C-11)

**PHILLIS GAIL ENSOR, THOMAS BEACH III,**
**SCOTT FORD, EDWARD TURNBOW, LARRY**
**MUNDAY, DENA BONEBRAKE, AND**
**JUSTIN SCHOOLEY,**
**Defendants Below, Respondents**


**MEMORANDUM DECISION**

Petitioner Timothy Hall appeals the Circuit Court of Berkeley County's August 30, 2022, "Final Order of Dismissal With Prejudice" which granted his pro se motion to dismiss, and the circuit court's September 28, 2022, "Order Denying Motion to Amend" which affirmed the dismissal with prejudice. Respondents Scott Ford, Dena Bonebrake, and Justin Schooley filed timely responses.[1] Petitioner filed a reply. Plaintiff Joy Hall and Respondents Phillis Gail Ensor, Thomas Beach III, Edward Turnbow, and Larry Munday did not participate in this appeal.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the lower tribunal's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

This case arises out of an alleged dispute between Dr. Timothy Hall and his aunt, Phillis Ensor, regarding the use of a family farm. Dr. Hall and his wife, Joy Hall, filed suit in Berkeley County Circuit Court in January 2022, alleging various harassments and threats made against them by Ms. Ensor, her attorney, Thomas Beach III, as well as Scott Ford, Edward Turnbow, Larry Munday, and Dena Bonebrake. The Halls also alleged that Justin Schooley, in his role as Assistant Superintendent of Human Resources for Berkeley County

---

[1] Petitioner is self-represented. Scott Ford is represented by William J. Powell, Esq. Dena Bonebrake is represented by Alex A. Tsiatsos, Esq. Justin Schooley is represented by Tracey Eberling, Esq.

1

Schools, leaked information to the public about Joy Hall's application for a job, while also preventing her application's passage to the accounting department as part of an effort to obstruct her opportunity for employment. The Halls claim that they "spent years living under the threat of surveillance and potential physical danger of uncertain character and have suffered significant emotional distress as a result thereof." Circuit Judge Bridget Cohee was assigned to the case.

In response to the Amended Complaint, Respondents Bonebrake and Ford filed Answers. On May 16, 2022, Respondent Schooley filed a motion to dismiss pursuant to Rule 12(b)(6) contending that he was entitled to statutory immunity, which was granted on June 22, 2022. Respondent Ensor filed a motion to dismiss on May 26, 2022, and Respondents Bonebrake and Ford filed motions to dismiss on June 28, 2022, and July 14, 2022, respectively.

The Halls' counsel, Christian Riddell, filed a motion to withdraw on June 27, 2022. On June 28, 2022, Mr. Riddell filed a Motion to Stay Discovery and Extend Time for Plaintiffs' Response to Defendant Ensor's Motion to Dismiss. Respondent Ford filed a Motion to Schedule a Status Conference to address the pending motions to withdraw and for stay. By its order of June 30, 2022, the circuit court set the hearing for July 18, 2022, and ordered the Halls to attend in person. On July 5, 2022, after receiving notice of a scheduling conflict, the circuit court reset the status conference for August 18, 2022. The Halls' counsel filed a Motion for Hearing on his motion to withdraw as counsel on July 11, 2022. On July 13, 2022, the court set the hearing on the motion to withdraw for August 18, 2022.

Also on July 13, 2022, Judge Cohee entered an "Order Regarding Potential Conflict" indicating that she "was a practicing attorney with the law firm of Steptoe & Johnson PLLC, from 2000-2016" and while she concluded this did not create a direct conflict that required her to disqualify herself, she indicated that "any party may challenge the Court's impartiality if there is a substantial reason." The order further reflected that she would voluntarily disqualify herself if any party sought disqualification "based on an appearance of bias or impartiality." The deadline for motions to disqualify pursuant to West Virginia Trial Court Rule 17 was set for August 1, 2022.

On August 1, 2022, the Halls' counsel filed a Motion to Enlarge, noting that he had communicated with his client about the potential conflict, and while he had asked for a response regarding his client's position, no response was received. Independent of their counsel, the Halls filed a Motion for Disqualification on August 1, 2022, alleging that they had made a request for an investigation and/or a complaint to the West Virginia Attorney General's office and to the United States Attorney for the Northern District of West Virginia on July 7, 2022, which they assert was the cause for Judge Cohee to file her notice of potential conflict. The Halls asserted that Judge Cohee should be disqualified based on her past employment at Steptoe & Johnson because counsel from that firm represented both

Justin Schooley and Scott Ford, and because they believed Steptoe & Johnson had ties to WVU Medicine "to which a Federal OSHA and West Virginia State Patient Safety Act case against WVU-Berkeley Medical Center are pending." The Halls also cited violations of Rule 2.3 of the Code of Judicial Conduct that they believed their lawyer had committed. Accordingly, Judge Cohee advised the Chief Justice of the Supreme Court of Appeals of West Virginia of the Halls' motion for disqualification, and the case was reassigned to Judge Steven Redding by Administrative Order dated August 15, 2022, to "avoid even an appearance of impropriety."

The case proceeded with the briefing of the outstanding motions to dismiss, with the Halls appearing pro se, even though it appears from the underlying record that their counsel's motion to withdraw had not been decided. A hearing was set by the circuit court for September 9, 2022, to address the status of the case and all pending motions. On August 29, 2022, the Halls, pro se, moved to dismiss their case without prejudice, citing the conduct of their counsel and the perceived conflict of interest of the previous trial judge. With regard to their counsel, their motion stated,

> Christian Riddell filed for a Motion for Withdrawal from the case and has breached attorney-client confidentiality, deteriorated the attorney-client relationship, been negligent in his representation as well as failure to acknowledge conflicts of interest within his law firm. Mr. Riddell has not acted in our interest in this matter and continues to be inconsistent with communication to us and actions he is filing with the court. It was continually stressed to Mr. Riddell that these individuals not only acted in concert with other parties but also, in their respective roles in appointed positions and/or employed positions and these various agencies (Berkeley County Schools, etc.), boards, (Baltimore County Agricultural Land Preservation Board; Maryland Agricultural Resource Council, etc.) and businesses (Whiteford, Taylor and Preston law firm with Emily Lashley excluded as well, etc.) should be held accountable and listed as well. There is no confidence in his representation going forward. The cost and time consumption of obtaining new representation at this point in this civil case creates undue financial hardship and time constraints.

Respondent Ford responded to the Motion by e-filing on August 30, 2022, indicating that he did not oppose the motion. Later that day, the court entered a "Final Order of Dismissal with Prejudice." The order did not state any reason for granting with prejudice or note that the Plaintiffs requested it be entered without prejudice.

The Halls filed a "Motion to Amend" the August 30, 2022, order on September 6, 2022, requesting that it be changed to reflect a dismissal without prejudice. The motion stated that Plaintiffs "requested a Motion for Dismissal Without Prejudice so options for re-filing and relief in these matters was preserved due to the hardship and procedural issues

previously stated." The circuit court entered a Scheduling Order pursuant to West Virginia Trial Court Rule 22 on September 6, 2022, ordering the Halls to e-file a memorandum of law in support of their motion and serve all non-moving parties, and providing a briefing schedule for responses (15 calendar days) and a reply memorandum (10 days from the date of service of the response). The parties were further ordered to e-file proposed orders at the conclusion of the pleading cycle. The order noted that the court would thereafter rule on the motion based on the pleadings and the record or schedule a hearing.

However, the Halls did not file a memorandum of law as ordered. Respondent Bonebrake filed an opposition brief on September 20, 2022; Respondent Ford thereafter filed a response indicating that he perceived no merit to the Halls' claims, but also had no good faith basis to argue that the dismissal should be with prejudice.

On September 28, 2022, the circuit court denied the Halls' Motion to Amend without a reply brief having been filed by the Halls or any party filing a proposed order. The circuit court's order noted that the Halls had not obtained a stipulation from the other parties concerning the dismissal and that, as the court was proceeding under Rule 41(a)(2) of the West Virginia Rules of Civil Procedure, it was within the court's discretion to place "terms and conditions" on the dismissal in light of the Halls' election to file a motion to dismiss versus a stipulation. The court construed the Halls' motion to amend as a motion pursuant to Rule 59(e) that allowed courts to alter or amend judgments in certain circumstances but noted that Rule 59(e) is an "extraordinary remedy which should be used sparingly." *Mey v. Pep Boys – Manny, Moe & Jack*, 228 W. Va. 48, 56-57, 717 S.E.2d 235, 243-44 (2011).

The circuit court found that it had correctly dismissed the case with prejudice, finding that:

> Even before the Plaintiffs' *pro se* filings, it was clear that the allegations in this case were without merit. The Court had already dismissed the amended complaint with respect to former Defendant Schooley, and additional motions to dismiss had been filed on many of the same grounds. Crucially, even had the Plaintiffs sought to amend their complaint yet again, no amendment would have cured the basic errors that gave rise to the previous order of dismissal and the subsequent motions – namely, the lack of any statutory causes of action and the speculative nature of the Plaintiffs' allegations. . . .
>
> And the Plaintiffs' subsequent pro se filings – which make immaterial references to the West Virginia Attorney General, the United States Attorney for the Northern District of West Virginia, the Baltimore County Agricultural Land Preservation Board and the Maryland Agricultural Resource Council, among other individuals and entities – do nothing to suggest a different

outcome. *See, e.g., Johnson v. Pinson*, 244 W. Va. 405, 415-16, 854 S.E.2d 225, 235-36 (2020) (notwithstanding the fact that amendments are liberally allowed, "it is not an abuse of discretion to deny a motion to amend if the proposed amendment would be futile; an amendment is futile if the proposed claim would not survive a summary judgment motion. An amendment is also futile if, for example, it merely … reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss") (citations and internal punctuation omitted); *see also Andon, LLC v. City of Newport News*, 813 F.3d 510, 516 (4th Cir. 2016) (affirming dismissal of complaint with prejudice when amendment would have been futile).

Therefore, the circuit court denied the Halls' motion to amend, and it is from that order and the underlying order of dismissal that Dr. Hall appeals herein.[2]

Our standard of review is as follows: "[u]nder Rule 41(a)(2), the determination of a motion for voluntary dismissal is within the sound discretion of the trial court." *State ex rel. Div. of Hum. Servs. by Mary C.M. v. Benjamin P.B.*, 183 W. Va. 220, 223 n.5, 395 S.E.2d 220, 223 n.5 (1990). "Only where we are left with a firm conviction that an error has been committed may we legitimately overturn a lower court's discretionary ruling." *Covington v. Smith*, 213 W. Va. 309, 322, 582 S.E.2d 756, 769 (2003). Moreover, the same standard applies to the Halls' motion to amend. "The standard of review applicable to an appeal from a motion to alter or amend a judgment, made pursuant to W. Va. R. Civ. P. 59(e), is the same standard that would apply to the underlying judgment upon which the motion is based and from which the appeal to this Court is filed." Syl. Pt. 1, *Wickland v. Am. Travellers Life Ins. Co.*, 204 W. Va. 430, 513 S.E.2d 657 (1998).

On appeal, Dr. Hall argues that the circuit court erred in denying his motion to amend without waiting the full ten days for his reply under the published briefing schedule, and that the plaintiffs were at a disadvantage as pro se plaintiffs who did not have the advice of counsel when they filed their motion to dismiss without seeking the stipulation of the other parties. Dr. Hall further argues that Judge Cohee erred in filing her Order for Possible

---

[2] Dr. Hall filed a Notice of Appeal on October 27, 2022. The ICA issued a Scheduling Order on November 1, 2022, ordering Dr. Hall to perfect his appeal by January 30, 2023. We note that rather than timely perfecting his appeal, Dr. Hall filed a "Motion to Hold Case in Abeyance of Consideration" asking for an abeyance of all proceedings in the appeal because of "pending requests for investigation submitted to law enforcement agencies" and his concerns about attorney William J. Powell's representation of Scott Ford, the need for "an investigation into" Judge Cohee's dismissal of Justin Schooley, and the withdrawal of the Halls' counsel, Mr. Riddell, none of which are issues on appeal before this Court. The motion was opposed by respondents and was not granted.

Conflict after the dismissal of Justin Schooley was entered, and that there were other procedural issues not addressed by the circuit court, including, for example, that defendant Thomas Beach III was never served with the complaint.

Upon review, we find none of these arguments availing, or even relevant to the critical issue on appeal – whether the circuit court should have dismissed the case with or without prejudice.[3] Voluntary dismissals are controlled by Rule 41 of the West Virginia Rules of Civil Procedure, which provides, in pertinent part:

*Dismissal of actions.*

(a) **Voluntary dismissal; effect thereof**. —

(1) *By plaintiff; by stipulation.* — Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the State, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who

---

[3] Even if some of Dr. Hall's arguments were relevant, we would still find them unpersuasive. First, the circuit court was not obligated to wait for Dr. Hall to file a reply brief under the court's scheduling order when Dr. Hall did not file the memorandum of law as ordered. Moreover, any disadvantage that the Halls experienced as pro se litigants appears to have been self-inflicted at the time of their filing of their motion to dismiss, as the court had not granted their counsel's motion to withdraw. Dr. Hall repeatedly invokes his pro se status and ignorance of the law and procedure as excuses for the posture of his case, but he was not required to represent himself, and could have sought the advice of other counsel, or asked for a continuance on the pending deadlines and hearings on the motions to dismiss. As our Supreme Court has held, "[u]nder the West Virginia Constitution . . . the right of self-representation in civil proceedings is a fundamental right which cannot be arbitrarily or unreasonably denied." Syl. Pt. 1, in part, *Blair v. Maynard*, 174 W. Va. 247, 324 S.E.2d 391 (1984). However, "ultimately, the *pro se* litigant must bear the responsibility and accept the consequences of any mistakes and errors." *Id.*, 174 W. Va. at 253, 324 S.E.2d 396. Meanwhile, Dr. Hall's arguments about errors in Judge Cohee's order regarding a possible conflict, whether parties were properly served with or responded to pleadings below, or whether attorneys for other parties violated the Rules of Professional Conduct, are not properly before this court and will not be considered, as they do not relate to the orders on appeal, were not considered by the circuit court, or both.

6

has once dismissed in any court of the United States or of this or any other state an action based on or including the same claim.

(2) *By order of court*. — Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

In the case below, Dr. Hall did not seek a stipulation signed by the parties pursuant to Rule 41(a)(1), instead, he filed a motion to dismiss and left it up to the court. Pursuant to Rule 41(a)(2), that allowed the circuit court to place "terms and conditions" on the dismissal "as the court deem[ed] proper." The Rule further gives the court the authority to specify whether the dismissal was with or without prejudice.[4] The circuit court's decision to grant a Rule 41 motion to dismiss is within its discretionary authority. Accordingly, only where there is a clear showing of abuse of discretion would reversal be appropriate.

Courts have recognized that a dismissal 'with prejudice' under Rule 41(a) is an adjudication on the merits. *See, e.g., Torres v. Kennecott Copper Corp.*, 15 Ariz.App. 272, 274, 488 P.2d 477, 479 (1971); *Barnes v. McGee*, 21 N.C.App. 287, 289, 204 S.E.2d 203, 205 (1974); *Tower City Properties v. Cuyahoga County Board of Revision,* 49 Ohio St.3d 67, 69, 551 N.E.2d 122, 124 (1990). *See also* 9 C. Wright & A. Miller, *Fed. Practice and Procedure* § 2367, at 185-86 (1971 & Supp.1990); 46 Am.Jur.2d *Judgments* § 482 (1969).

*State ex rel. Div. of Hum. Servs. by Mary C.M. v. Benjamin P.B.*, 183 W. Va. 220, 222 n.3, 395 S.E.2d 220, 222 n.3 (1990).

---

[4] "Because the West Virginia Rules of Civil Procedure are practically identical to the Federal Rules, we give substantial weight to federal cases ... in determining the meaning and scope of our rules." *Painter v. Peavy*, 192 W. Va. 189, 192 n. 6, 451 S.E. 2d 755, 758 n.6 (1994). It is worth noting, therefore, that federal courts have generally held that Rule 41(a)(2) authorizes courts to "convert" motions to dismiss without prejudice, and grant dismissal with prejudice, "reasoning either that the district [court] is authorized to do so as a condition by the 'terms and conditions language' in the [rule] or that the authority is implicit in the '[u]nless otherwise specified' language of [Rule 41(a) (2)]." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 320 (5th Cir. 2002).

The circuit court's order denying the motion to amend assesses that the Halls' claims are without merit and finds that even if they were permitted to amend and refile their complaint again, they could not cure the fatal defects that warrant dismissal with prejudice. As the court observed, "it is not an abuse of discretion to deny a motion to amend if the proposed amendment would be futile; an amendment is futile if the proposed claim . . . merely . . . reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss." *Johnson v. Pinson*, 244 W. Va. 405, 415-16, 854 S.E.2d 225, 235-36 (2020). Critically, Dr. Hall makes no argument before this court to establish that the circuit court abused its discretion by dismissing the case with prejudice. Moreover, we note that in the present case, the lower court had already granted a motion to dismiss in favor of one defendant, and other defendants had filed motions to dismiss on similar grounds which were scheduled to be heard on September 9, 2022. As Dr. Hall filed his motion to dismiss on August 29, 2022, rather than responding to the respondents' pending motions, it appears his intention was to avoid any adverse ruling.[5] Under these circumstances, we find no error or abuse of discretion in the circuit court's orders.[6]

Accordingly, we affirm the circuit court's August 30, 2022, "Final Order of Dismissal With Prejudice" and its September 28, 2022, "Order Denying Motion to Amend".

---

[5] Where, as here, the moving party has failed to adequately explain why the requested dismissal should be without prejudice, and the apparent motivation was to avoid an adverse ruling, courts have frequently dismissed with prejudice. *See, e.g.*, *Minn. Mining & Manuf. Co. v. Barr Lab'ys, Inc.*, 289 F. 3d 775 (Fed. Cir. 2002); *Graham v. Mentor World Wide LLC*, No. 4:19-CV-01637, 2019 WL 4941012 (E.D. Mo. 2019); *Chodorow v. Roswick*, 160 F.R.D. 522 (E.D. Pa. 1995).

[6] Although we find no abuse of discretion in the present case, we observe that the preferred practice when a party files a motion to dismiss without prejudice under Rule 41(a)(2), and the court wants to grant the motion with prejudice, is for the court to inform the moving party of its intention to dismiss with prejudice and give such party the opportunity to either explain why dismissal should be without prejudice, or to withdraw the motion to dismiss. *See generally* Louis J. Palmer & Robin Jean Davis, *Litigation Handbook on West Virginia Rules of Civil Procedure* 1067 (5th ed. 2017). It is important to give a party an opportunity to withdraw his or her motion to dismiss because "unlike a dismissal without prejudice, a dismissal with prejudice operates as a rejection of the plaint's claims on the merits and res judicata precludes further litigation." *Id. See generally State ex rel. Div. of Hum. Servs. by Mary C.M. v. Benjamin P.B.*, 183 W. Va. 220, 222 n.3, 395 S.E.2d 220, 222 n.3 (1990). Furthermore, when a court grants a motion to dismiss with prejudice, it should also articulate its reasons for doing so with sufficient detail to permit effective appellate review. *Andes v. Versant Corp.*, 788 F.2d 1033, 1035, 1038 (4th Cir. 1986).

Affirmed.

**ISSUED:** December 15, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen